## HIRIART v. HARDY. *
### No. 4752.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1934.

J. B. Crow, of Shreveport, for appellant.

Hardin & Coleman, of Shreveport, for appellee.

DREW, Judge.

On April 3, 1925, Dr. Hiriart secured judgment in the city court of Shreveport against

---

*Rehearing denied March 2, 1934.

Cecil Hardy. On July 21, 1933, a fieri facias and garnishment proceedings were issued to Louisiana Oil Refining Corporation. The garnishee promptly answered, on July 25, 1933, and admitted the indebtedness to defendant. On July 26, 1933, defendant by petition and affidavit secured an order for rule on plaintiff to show cause why the garnishment should not be dissolved and the original judgment annulled, for the reasons alleged: (1) That the original judgment was secured without citation ever having been served on defendant Hardy; (2) that, although the citation shows by the return thereon that personal service was had, it is false and untrue; (3) that the court is without jurisdiction ratione personæ.

In the alternative, that the defendant was an unemancipated minor at the time of filing the suit and securing judgment.

On July 31, 1933, the rule was tried and submitted. On August 1, 1933, defendant in rule filed a plea of prescription of four years and an exception of no cause of action. On August 9, 1933, the minutes of the court show the following entry:

"Motion to dissolve the writ denied for the following reasons: Plea of prescription of four years maintained. The court finds also that Cecil Hardy was duly served in addition to which the only proceeding by which a judgment of this character is set aside is by direct action and as the finding of facts is as above stated, the court doubts whether it would serve any purpose. Judgment read, signed, and filed.

"Court adjourned."

The judgment signed reads as follows:

"This cause came on regularly for trial on the rule to annul the judgment in this cause, to dissolve the seizure made under a writ of garnishment herein sued out, and the court, considering the law and the evidence to be in favor of Dr. C. Allen Hiriart, the seizing creditor and defendant in rule, and against Cecil Hardy, the plaintiff in rule, for reasons orally assigned, and the court considering the admissions in the answer of the Louisiana Oil Refining Corporation,

"It is therefore ordered, adjudged and decreed that there be judgment in favor of Dr. C. Allen Hiriart, and against Cecil Hardy, upholding the validity of the judgment rendered in this cause on April 3, 1925, maintaining the seizure and writ of garnishment sued out against the Louisiana Oil Refining Corporation and recalling, vacating and setting aside the rule issued herein and dismissing said rule at the cost of Cecil Hardy.

"It is further ordered, adjudged and decreed that the Louisiana Oil Refining Corporation be and it is hereby ordered to turn over and deliver to Dr. C. Allen Hiriart the sum of $20.00, as the exempt portion of Cecil Hardy's salary for the month of July, 1933, and thereafter every month all sums over and above the legal exemption of 80% of Cecil Hardy's salary be turned over and delivered to Dr. C. Allen Hiriart by the Louisiana Oil Refining Corporation, until the sum of $127.50, with 5% per annum interest thereon from March 19, 1925, until paid, together with all costs of this proceeding is fully paid and satisfied.

"Thus done and signed in open Court on this the 9th day of August, 1933."

Motion for rehearing was filed August 12, 1933, and overruled on September 19th following. On September 28th a devolutive appeal was granted, bond fixed at $20, and made returnable to this court on October 16, 1933. The bond was filed the day the order for appeal was granted. On December 27, 1933, appellee filed motion to dismiss the appeal for the following reasons:

"1. That the transcript as prepared and filed herein is not in the form required by law, because this is a record case appealed from the City Court of Shreveport, La., and there is no copy of the testimony in the record.

"2. That the appellant has not, either before or at the time of argument or since, made any request that the incompleted transcript be sent back for completion.

"3. That the appellant has not applied for an extension of time within which to complete the transcript and has not applied for an order directing the Clerk of the lower court properly to complete the transcript.

"4. That the failure to include in the transcript a copy of the testimony and evidence as adduced on the trial of the case in the lower court and the failure of the appellant to apply properly and timely for the necessary order to complete the transcript by filing a copy of the evidence constitute such an irregularity and fatal defect as will authorize this court to dismiss this appeal ex proprio motu and at any time requested to do so by the appellee."

Appellant urges that the motion to dismiss the case comes too late, in that it was filed more than three days after the transcript was lodged in this court. Pretermitting this question, this court has repeatedly held that, when the transcript is incomplete in that the testimony adduced below is not contained in it, the court can of its own motion dismiss the appeal, or in its discretion affirm the judgment of the lower court on the theory that there was sufficient evidence adduced on trial below to sustain the judgment of the lower court; in either case, however, only when it is not shown by the appellant that the failure of the record to be complete was through no fault of his. It has not been shown in this case nor even suggested that the fault was that of some officer of the lower court and not with appellant. It is not shown nor suggested that the testimony adduced below was

transcribed. It is stated by appellee in argument and brief that it was not, and nowhere is his statement denied. Appellant contends that only questions of law are involved and that this court can decide the case on the record that is made up. His contention is based upon the theory that the lower court sustained the plea of prescription. The minutes indicate that the lower court did sustain the plea of prescription of four years, but there is no judgment to that effect. The signed judgment in the record clearly discloses that the case was passed upon on its merits. That being true, we might overrule the plea of prescription, and appellant would be no better off, as there is no evidence in the record to sustain the allegations in his motion to quash the garnishment proceedings and annul the judgment. He being plaintiff in said motion, it was incumbent upon him to prove his allegations. Without any testimony in the record, we presume the lower court based its decision on the merits on proper and sufficient evidence.

We therefore under our discretion pass the motion to dismiss, and affirm the judgment of the lower court, with costs.